UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM ZACARIAS PEREZ,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:25-CV-05018-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN FULL AND GRANTING RESPONDENT'S MOTION TO DISMISS |

William Zacarias Perez, appearing pro se, filed an amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1; Docket 4. Respondent, the United States, filed a response and moved to dismiss Perez's motion for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 12 of the Rules for Section 2255 Proceedings. Docket 16; Docket 17. In response to the motion to dismiss, Perez filed two motions for leave to amend his § 2255 petition to narrow his grounds for relief to two issues. Docket 19; Docket 20; *see* Docket 21 at 3. The matter was referred to United States Magistrate Judge Daneta Wollmann under 28 U.S.C. § 636(b)(1)(B) and D.S.D. Civ. LR 72.1.

Magistrate Judge Wollmann submitted her report and recommendation, recommending that the court grant respondent's motion to dismiss and deny Perez's § 2255 motion with prejudice and without holding an evidentiary hearing. Docket 21 at 28. On the same day, the magistrate judge also issued an order denying Perez's two motions to amend his petition. Docket 22. Respondent notified the court that it had no objection to the report and

recommendation. Docket 23. Perez then filed a document titled "Movant's Objection to Magistrate Judge's Order Denying Leave to Amend 28 U.S.C. § 2255 Motion (Rule 15(c) Relation Back)."[1] Docket 24. This document does not address or raise any objections to the report and recommendation. *See generally id.* Having reviewed de novo the report and recommendation, the court denies Perez's motion to reconsider the magistrate judge's order denying leave to amend his pleadings, adopts the report and recommendation in full, grants respondent's motion to dismiss, and denies Perez's motion to vacate his sentence under 28 U.S.C. § 2255 with prejudice.

## DISCUSSION

### I. Motion to Reconsider

The court treats Docket 24 as a motion to reconsider the magistrate judge's order denying his two motions to amend his pleadings. Although mislabeled as objections to the report and recommendation, the document requests "that the Court vacate the March 12 [sic], 2026 Order, grant leave to file the proposed amended pleading, permit development of evidence outside the record, and set an evidentiary hearing if disputed facts remain." Docket 24 at 1.

The Eighth Circuit has referred to a "motion for leave to amend [a] complaint" as a "nondispositive pretrial motion[.]" *Daley v. Marriott Int'l, Inc.*,

[1] This document is mislabeled in the docketing system as "OBJECTION to 21 Report and Recommendation." *See* Docket 24. But the document clearly shows that Perez is responding to the denial of his two motions to amend his pleadings, located at Docket 22, and not responding to the magistrate judge's report and recommendation.

415 F.3d 889, 893 n.9 (8th Cir. 2005). "A district court ordinarily reviews a magistrate judge's order with respect to a nondispositive motion under an 'extremely deferential' clearly erroneous or contrary to law standard." *Am. Ins. Co. v. St. Jude Med., Inc.*, 597 F. Supp. 2d 973, 977 (D. Minn. 2009) (quoting *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999); *see* 28 U.S.C. § 636(b)(1)(A) (requiring the clearly erroneous or contrary to law standard); Fed. R. Civ. P. 72(a) (same). But when a motion has been denied because it is futile, the court reviews the decision de novo. *St. Jude Med.*, 597 F. Supp. 2d at 977; *see also United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932, 936 (8th Cir. 2001) (noting that denial of leave to amend based on futility is reviewed de novo).

Under Federal Rule of Civil Procedure 15, "[a]n amendment is futile if 'the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.' " *Cup O' Dirt LLC v. Badlands Airtime, LLC et al*, 19-CV-04031, 2021 WL 680173, at *5 (D.S.D. Feb. 22, 2021) (quoting *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In this analysis, the court assumes that all facts asserted in the complaint are true and construes all reasonable inferences from those facts in a light most favorable to the

complainant." *OPD Holdings, LLC et al v. Otiko et al*, 17-CV-04042, 2018 WL 11237900, at *5 (D.S.D. Jan. 26, 2018). "The court may also 'consider those materials that are necessarily embraced by the pleadings.' " *Cup O' Dirt LLC*, 2021 WL 680173, at *5 (quoting *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 998 (8th Cir. 2016)).

Here, Perez repeats his original allegations that "his plea was not knowing, voluntary, and intelligent[,]" that "his CJA-appointed counsel promised him a sentence of 15 years in exchange for the plea[,]" and that "counsel's performance was constitutionally ineffective." Docket 24 at 1. Perez also requests an evidentiary hearing because he "has identified witnesses and circumstances that, if presented, could demonstrate that counsel's assurances induced [his] plea and that counsel's conduct constituted ineffective assistance resulting in prejudice." *Id.* at 2. But he does not offer any details or specifics to support his claims, other than that his "proposed amendment [would] assert[] specific extrinsic facts[,] unrecorded promises made by counsel, the presence of family and an interpreter who witnessed those promises, and the willingness of those witnesses to testify[.]" *Id.*

After considering these arguments, the magistrate judge concluded that "Mr. Perez repeats the same grounds for relief he asserted in his original § 2255 motion" and "permitting the amendments would not alter the claims at issue or the analysis set forth in th[e] Report and Recommendation." Docket 22 at 1–2. The court agrees and concludes Perez's arguments are without merit.

Magistrate Judge Wollmann conducted a thorough analysis and issued a comprehensive report and recommendation. The arguments Perez raises in

his motion to reconsider reiterate the factual basis for his previous claims of ineffective assistance of counsel, which were thoughtfully considered and rejected by the magistrate judge. *See* Docket 21 at 12–16 (discussing the ineffective assistance of counsel claim that Perez's attorney assured him he would receive a sentence of no more than 27 years if he pleaded guilty); *see id.* at 16–19 (addressing Perez's claim that but for his counsel's ineffective assistance, Perez would have elected to go to trial); *see id.* at 20–23 (discussing Perez's claim that he was coerced by his counsel and federal agents into pleading guilty); *see id.* at 23–25 (addressing Perez's allegation of deficient legal representation because his attorney failed to challenge the disparity in sentencing between Perez and the other codefendants); *see id.* at 25–26 (discussing Perez's claim that counsel failed to challenge alleged prosecutorial misconduct); *see id.* at 26–27 (addressing Perez's contention that the sentencing court failed to adequately consider the 18 U.S.C. § 3553(a) factors); *see id.* at 27–28 (considering Perez's request for an evidentiary hearing).

Because the motion to reconsider merely restates arguments already considered by the magistrate judge, permitting the amendment would not so fundamentally change the claims at issue or the magistrate judge's analysis such that Perez's amended § 2255 motion would now survive respondent's Rule 12(b)(6) motion to dismiss. Based on the above, the court upholds the magistrate judge's decision to deny leave to amend as futile (Docket 22) and denies Perez's motion to reconsider (Docket 24).

## II. Review of Report and Recommendation

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting a de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft,* 30 F.3d 1044, 1045 (8th Cir. 1994).

Objections to the report and recommendation were due on April 1, 2026. Docket 21 at 28–29. The time for objections has passed, and no objections to the report and recommendation have been filed. The court has reviewed this matter de novo and reviewed the records from the underlying criminal case in *United States v. Perez*, 5:21-CR-50132-KES (D.S.D.). The court adopts the report and recommendation in full.

## CERTIFICATE OF APPEALABILITY

When a district court denies a § 2255 motion, the movant must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253(c)(1)(B). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated

differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Perez has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issue raised in his motion differently, or that a question raised by his motion deserves additional proceedings. Thus, a certificate of appealability is not issued.

**CONCLUSION**

After conducting a de novo review, it is ORDERED:

1. That Perez's motion to reconsider the magistrate judge's order denying leave to amend his pleadings (Docket 24) is denied.
2. That the report and recommendation of the magistrate judge (Docket 21) is adopted in full.
3. That respondent's motion to dismiss (Docket 17) is granted.
4. That Perez's motion under 28 U.S.C. § 2255 (Docket 1; Docket 4) is denied with prejudice.
5. That a certificate of appealability is denied.

Dated September 29, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE